IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

---

| | |
|---|---|
| DANA L. OLSON, | Cause No. 08-CV-045-GF-SEH-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO TRANSFER CASE TO THE DISTRICT OF ALASKA |
| EQUAL OPPORTUNITY COMMISSION, WALMART STORES, INC., and HEIRS OF SAM WALTON (HOME OFFICE), | |
| Defendants | |

---

This matter comes before the Court on Plaintiff's Motion to Proceed in Forma Pauperis (Document 1) and document entitled "Administrative Review/Appeal" which the Court has construed as a Complaint. (Document 2).

Plaintiff has named as Defendants the Equal Opportunity Commission, Walmart Stores, Inc. and the Heirs of Sam Walton (Home Office).

Plaintiff first seems to be complaining about the administrative process at the U.S. Equal Employment Opportunity Commission (EEOC). Plaintiff has attached to her Complaint a May 30, 2008 Dismissal and Notice of Rights from the EEOC. Based upon that documentation and Plaintiff's Complaint, it appears that Plaintiff has filed an employment claim against a Wal Mart store in Alaska.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO TRANSFER CASE TO THE DISTRICT OF ALASKA / PAGE 1

This district is not the proper venue for this action. The proper venue for a civil action based upon a federal question such as this case is defined by 28 U.S.C. § 1391 as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In this situation, 28 U.S.C. § 1391(b)(1) may not apply. However, the allegations in the Complaint all arise out of Plaintiff's employment in the State of Alaska. Therefore, 28 U.S.C. § 1391(b)(2) applies and venue for this suit lies not in this Court but in the District of Alaska.

28 U.S.C. §1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court finds that it is in the interest of justice to transfer this case to Alaska.

Based upon the foregoing, the Court hereby issues the following:

**RECOMMENDATION**

This matter should be transferred to the United States District Court for the District of Alaska.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO TRANSFER CASE TO THE DISTRICT OF ALASKA / PAGE 2

the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.  A FAILURE TO DO SO COULD RESULT IN THE DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 9th day of July, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge